# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
THOMAS HILL,

    Plaintiff,

    v.                                    CV 2:22-114

JASMINE MOORE,

    Defendant.
```

## ORDER

Plaintiff Thomas Hill filed an "Application for Contempt and Attorney Fees" in the Superior Court of Camden County, Georgia on May 24, 2022. Dkt. No. 11 at 10. Therein, Plaintiff alleged that Defendant Jasmine Moore had violated the Final Judgment and Decree from their divorce action, specifically, that Defendant had denied Plaintiff visitation with their minor child. See id. at 11.

On or about October 21, 2022, Defendant removed the case to the United States District Court for the Middle District of Florida. Id. at 9; Dkt. No. 1. The Middle District of Florida then transferred the case to this Court. Dkt. No. 4; see also 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

**LEGAL AUTHORITY**

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

**DISCUSSION**

In the removal notice, Defendant asserts this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

**I.   Federal Question Jurisdiction**

Section 1331 provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This is often referred to as "federal question" jurisdiction.  In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense.  See id. at 393.

In the notice of removal, Defendant asserts "the complaint alleges claims arising under: (1) The Due Process clauses of the United States Constitution" which "require judges follow procedures to protect vulnerable minors from abuse, especially sexual," and "[t]he Judge did not recuse themselves from the case when there was a strong likelihood he was biased." Dkt. No. 1 at 2. Plaintiff's assertions are incorrect.

First, the underlying complaint alleges no Due Process claims. Instead, the complaint alleges contempt by Defendant for failing to adhere to a parenting plan which allows Plaintiff visitation with their minor child. Second, Defendant's assertion that she denied visitation to protect her child from abuse and that the judge of the underlying divorce case should have recused himself are *defenses* to Plaintiff's contempt allegations, not claims within the complaint. See Caterpillar, 482 U.S. at 392-93. The Court concludes the face of the complaint does not confer federal question jurisdiction upon this Court.

**II. Diversity Jurisdiction**

Section 1441(b) does not, itself, provide district courts with original jurisdiction. Instead, it addresses the removal of civil actions. However, the Court gleans that Defendant is attempting to assert jurisdiction based on diversity of citizenship of the parties. See 28 U.S.C. § 1441(b) (referencing 28 U.S.C. § 1332). Under 28 U.S.C. § 1332(a), a district court

has diversity jurisdiction over parties who are completely diverse in citizenship to one another and whose claims exceed the statutorily prescribed amount in controversy of $75,000, exclusive of interest and costs.

"Removal is proper if it is 'facially apparent' from the complaint that the amount in controversy exceeds the jurisdictional requirement." Moore v. CNA Foundation, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007) (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). If a case is removed, the defendant bears the burden of proving, by a preponderance of the evidence, that diversity jurisdiction does in fact exist. Williams, 269 F.3d at 1319 (citation omitted). Specifically, "[w]here . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. (citation omitted). The Eleventh Circuit has held that where "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). However, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion,

4

is insufficient to meet the defendant's burden." Id. at 1319-20. To be sure, while it is true that a district court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in determining whether a defendant has met its burden, such deductions and inferences must be based on actual evidence as opposed to pure conjecture. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

Here, it is not "'facially apparent' from the complaint that the amount in controversy exceeds the jurisdictional requirement." Moore, 472 F. Supp. 2d at 1331. Indeed, aside from Plaintiff seeking "reasonable attorney's fees," the complaint mentions no monetary amount in controversy at all. See Dkt. No. 11 at 11. Similarly, Defendant's notice of removal provides no information whatsoever about an amount in controversy. See Dkt. No. 1. A review of the record is also inconclusive as to any amount in controversy. Williams, 269 F.3d at 1320. Defendant has thus not met her burden to show the Court has diversity jurisdiction over this case. Id. at 1319.

While the Court may require Plaintiff "to submit summary-judgment type evidence relevant to the amount in controversy at the time of removal," id. (quoting Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000)), the Court finds that same would be futile in this case. The underlying state court contempt action does not involve a dispute about money. According

to the complaint, Plaintiff is simply challenging Defendant's actions with regard to a parenting plan reached as part of the parties' divorce action. In short, Plaintiff seeks visitation with his child, not a dollar amount. And while a reasonable amount of attorney's fees may be considered when determining the amount in controversy under certain circumstances, Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000), the Court finds that the attorney's fees in this case would not come close to reaching the $75,000 jurisdictional requirement to establish diversity jurisdiction.

## CONCLUSION

Accordingly, the Court finds that it lacks subject matter jurisdiction, based on either federal question or diversity of citizenship, over this matter. It is therefore **ORDERED** that this case be **REMANDED** to the Superior Court of Camden County, Georgia.

**SO ORDERED**, this 17th day of November, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA